IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CLYDE B. FULTON | * | |
|    Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| JOHN E. POTTER, Postmaster General, | * | NO. 4:04CV000553 SWW |
| United States Postal Service | * | |
| | * | |
|    Defendant | * | |
| | * | |

## ORDER

Plaintiff Clyde B. Fulton ("Fulton") brings this employment discrimination action against the Postmaster General of the United States Postal Service. Before the Court is the Postal Service's motion for summary judgment (docket entry #15). Fulton has responded (docket entries #20, 21), and the matter is ready for decision. After careful consideration, and for the reasons that follow, the motion for summary judgment will be granted and this case will be dismissed.

I.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must

1

demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)).

## II.

The following facts are undisputed.[1] Fulton, who is black, worked for the Postal Service as a window clerk at the Brady Station in Little Rock. In early 2002, postal inspectors began an investigation to determine the cause of a fund shortage at the Brady Station. On June 18, 2002, the Postal Service terminated Fulton's employment after inspectors determined that he and another postal employee, a black female, had stolen postal funds.

Fulton claims that the Postal Service discriminated against him on the basis of his race and sex in violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991, and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Fulton also claims that the Postal Service questioned him about stealing postal funds without providing him union representation, in violation of his rights under a collective bargaining agreement.

## III.

---

[1] All material facts set forth in Defendant's statement of facts are deemed admitted pursuant to Local Rule 56.1(c).

*Bivens*

The Postal Service asserts that Fulton's discrimination claim brought under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) is preempted under Title VII. The Court agrees. Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. *Gergick v. Austin*, 997 F.2d 1237, 1239 (8th Cir. 1993) (quoting *Brown v. General Serv. Admin*., 425 U.S. 820, 835 (1976)). The Eighth Circuit has held that "[w]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." *Mathis v. Henderson*, 243 F.3d 446, 451 (8th Cir. 2001)(citation omitted). Accordingly, Fulton's discrimination claims brought pursuant to *Bivens* must be dismissed.

**Title VII**

The Postal Service argues that no genuine issues exist regarding Fulton's race and sex discrimination claims. Because Fulton bases his claims on inferential rather than direct evidence, the three-part, burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973), is applicable. Under that framework, to establish a prima facie case of discrimination, Fulton must show (1) he is a member of a group protected under Title VII, (2) he was qualified for the position he held, (3) he suffered adverse employment action, and (4) the adverse action occurred under circumstances that give rise to an inference of discrimination. *Wheeler v. Aventis Pharmaceuticals*, 360 F.3d 853, 857 (8th Cir. 2004). If Fulton establishes a prima facie case, a rebuttable presumption of discrimination arises, and the burden of production shifts to the Postal Service to articulate a legitimate, nondiscriminatory reason for its action. *Id*. If the Postal Service satisfies its burden, Fulton may prevail with evidence that the proffered

reason is pretext for discrimination. *Id.*

The Postal Service has proffered a legitimate reason for discharging Fulton: It believed that he appropriated postal funds. Fulton argues that the Postal Service lacked sufficient evidence to conclude that he was responsible for missing funds. According to Fulton, the only "substantial evidence to support his discharge" was an investigation memo written by postal inspector C.K. Aarons, which states, among other things, that Fulton confessed to taking money from his cash drawer at the Brady Station. Fulton denies that he confessed taking postal funds, and he contends that without his alleged confession, there is "no evidence that plaintiff committed any acts that would have given the defendant a reason to terminate his employment."[2]

In order to establish genuine issues for trial, Fulton must come forward with evidence showing that discrimination was the motivation behind his dismissal. He cannot salvage his discrimination claim by arguing that the Postal Service found him guilty of theft based on insufficient evidence. The Court has no authority under Title VII to second guess the fairness or wisdom of the Postal Service's determination that Fulton appropriated postal funds, except to the extent that it involved intentional discrimination.

---

[2]Fulton is mistaken that his alleged confession was the Postal Service's only evidence that he committed theft. In Aaron's investigation memo, dated April 24, 2002, he states that a comparison of Fulton's sales transactions with "postage items disclosed as short" (i.e., missing inventory) indicated that Fulton had been voiding sales and pocketing the related sales receipts. The memo states, in pertinent part, as follows:

> For example, the examination disclosed a shortage of 4 coils of $34.00 Statue of Liberty PSA Coil/100. An examination of Mr. Fulton's POS entries determined Mr. Fulton voided the sale of 4 coils of $34.00 Statue of Liberty PSA Coil/100 during this same time period. This examination further disclosed Mr. Fulton voided sales of various $6.80 books consistent with the shortage disclosed.

Docket entry #15, Ex. A, ¶4.

In his amended complaint, Fulton alleges that the Postal Service confronted other black employees regarding missing funds but a "full time white female was neither confronted or questioned by the postal inspectors." Docket entry #4, ¶11. Disparate treatment can support a finding that an employer's proffered reason for adverse action is pretext for discrimination. However, to prevail under such a theory, a plaintiff has the burden to show that he was similarly situated, in all relevant respects, to employees who received favorable treatment. *See Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994).

In this case, the Postal Service has come forward with undisputed evidence that postal inspectors investigated Fulton and a black, female employee based on evidence that directly linked their activities to fund shortages at the Brady Station. *See* docket entry #15, Ex. A. Fulton does not claim that the Postal Service had any reason to suspect that other postal workers were stealing funds, and nothing in the record indicates that Fulton was similarly situated to white, female postal employees who were not questioned regarding the missing funds. The Court concludes that Fulton has failed to come forward with any evidence from which a jury could find that discrimination motivated his termination.

**Breach of Collective Bargaining Agreement**

The Postal Service moves for dismissal of Fulton's claim that it breached a collective bargaining agreement on the ground that Fulton failed to exhaust his remedies as required under the agreement before pursuing his claim in court. When a collective bargaining agreement sets forth a mandatory procedure to resolve contractual grievances, an employee must resort to the grievance procedures established under the agreement before filing suit. *Kuhn v. National Ass'n of Letter Carriers, Branch 5*, 528 F.2d 767, 770 -771 (8th Cir. 1976).

5

Here, it is undisputed that the collective bargaining agreement at issue contained a mandatory grievance procedure, which Fulton failed to exhaust before commencing this lawsuit. Accordingly, Fulton's breach of collective bargaining agreement claim must be dismissed. Because it is not asserted that Fulton can no longer exhaust his administrative remedies, dismissal of his contract claim will be without prejudice.

**IV.**

For the reasons stated, Defendant's motion for summary judgment (docket entry #15) is GRANTED. Pursuant to the judgment entered together with this order, Plaintiff's claim that Defendant violated a collective bargaining agreement is DISMISSED WITHOUT PREJUDICE, and Plaintiff's claims under Title VII and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 18th DAY OF JULY, 2005.

/s/Susan Webber Wright
CHIEF JUDGE
UNITED STATES DISTRICT COURT